UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 14 CR 390 |
| | ) | |
| TYLER LANG and | ) | Hon. Milton I. Shadur |
| KEVIN JOHNSON | ) | |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANTS' PRETRIAL MOTIONS**

The UNITED STATES OF AMERICA, through ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits its consolidated response to the pretrial motions of defendants Tyler LANG and Kevin JOHNSON (Dkt. Nos. 29-35).[1]  For the reasons set forth below, defendants' motions should be denied as moot or premature.

> **A.   Defendants' Motion for Preservation of Law Enforcement Investigative Notes.**

Defendants first move for preservation of law enforcement investigative notes. (Dkt. No. 29).   While the government does not agree that defendant is automatically entitled to agent notes, nor does it appear that any such notes are discoverable in this case, the government has requested that the agents in this case preserve handwritten notes, if any exist.   Accordingly, because defendants' motion only asks for the preservation of the notes, and not their production, defendants' motion should be denied as moot.

---

[1]   Defendant Johnson moved to join in the pretrial motions filed by defendant Lang.   (Dkt. No. 37).

**B. Defendants' Motion for Permission to Issue Subpoenas for Early Return.**

Defendants next request permission to issue early return trial subpoenas. (Dkt. No. 30). The government has no objection and requests the same ability to issue early return trial subpoenas.

**C. Defendants' Motion for a Witness and Exhibit List.**

Defendants next request that the government produce a witness list and an exhibit list. (Dkt. Nos. 31, 32). The government has no objection to either request. The government agrees to produce to defendants a witness and exhibit list no later than two weeks before trial, which has yet to be scheduled in this case. Accordingly, defendants' motions should be denied as moot.

**D. Defendants' Motion for Expert Notice.**

Defendants move for an order requiring the government to give notice of its intention to use expert testimony. (Dkt. No. 33). The government is aware of its obligations to provide notice of any such expert testimony in advance of trial. Pursuant to Rule 16.1(a)(1)(G), the government agrees to provide to defendants a written summary of any testimony that the government intends to offer under Rules 702, 703, or 705 of the Federal Rules of Evidence. Indeed, in the government's Rule 16 letter, tendered to defendants together with the discovery produced in this case, the government informed defendants that it understood its obligations and would tender expert disclosures in advance of trial. The government further agrees to

provide that notification no later than four weeks prior to trial. Defendants' motion should be denied as moot.

### E. Defendants' Motion to Require the Government to Give Notice of its Intention to Use Rule 404(b) Evidence at Trial.

Defendants move this Court to require the government to give notice of its intention to use Rule 404(b) evidence at trial. (Dkt. No. 34). This motion too should be denied as moot. As stated in its Rule 16 letter tendered to both defendants, the government will provide notice of its intent to use 404(b) evidence well in advance of trial. While defendant requests this notice 45 days in advance of trial, the government will provide its notice on a date ordered by this Court for the filing of pretrial briefs.

### F. Defendants' Motion for *Brady* Material.

Defendant last seeks disclosure of materials to which they claim they are entitled pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). This motion should be denied as moot. The government understands its *Brady* obligation to produce exculpatory and favorable evidence to the defense. As the government stated in its Rule 16 letter that was tendered to defendants, the government has produced everything it is aware of, and if any additional evidence comes to the government's attention, it will be turned over.

**G.      Conclusion**

For the foregoing reasons, the government respectfully requests that this

Court deny defendants' pretrial motions as either premature or moot.

Dated: October 8, 2014                            Respectfully submitted,

                                                  ZACHARY T. FARDON
                                                  United States Attorney


                                     By:    s/ Bethany K. Biesenthal
                                            BETHANY K. BIESENTHAL
                                            NANCY DEPODESTA
                                            Assistant U.S. Attorney
                                            219 South Dearborn Street
                                            Chicago, Illinois 60604
                                            (312) 886-7629

4