IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 14 CR 390 |
| v. | ) | |
| | ) | Hon. Milton I. Shadur |
| KEVIN JOHNSON, | ) | |
| Defendant. | ) | |

RESPONSE TO GOVERNMENTS MOTION TO DETAIN
AND
MOTION TO SET BOND AND CONDITIONS OF RELEASE

Now comes Defendant Kevin Johnson, by his attorneys Michael E. Deutsch, and Lillian McCartin, and respond to the Government's Motion to Detain and pursuant to 18 U.S.C. § 3142 and move the Court to set conditions for Mr. Johnson's pretrial release. In support of this motion, Defendant Johnson states the following:

I

On July 8, 2014 Mr. Johnson was charged by indictment with two counts of damaging an animal enterprise in violation Title 18 United States Code Section 43 on August 13, 2013. On July 29, 2014 Mr. Johnson appeared at his arraignment and entered a plea of not guilty. At the time of the arraignment Mr. Johnson was in the custody of the Illinois Department of Corrections and the issue of bond was deferred until his scheduled release. On October 1, 2014 the government filed a motion to have Mr. Johnson detained pending trial, and the motion noted that Mr. Johnson's release date is set for October 16, 2014. A detention hearing is scheduled for October 15, 2014.

II

As the Supreme Court held in *United States v. Salerno*, 481 US 739, 755 (1987) "In our society liberty is the norm, and detention prior to trial …is the carefully limited exception." Pretrial detention is "an exceptional step" warranted only in two situations – when there are no conditions that will reasonably assure the appearance of the defendant, or assure the safety of another person in the community. *United States v. Torres* 929 F.2d 291, 292 (7th Cir. 1991); *United States v. Salerno*, 481 US 739, 751-752 (1987); *United States v. Portes,* 786 F.2d 758, 764-765 (7th Cir. 1985).

The government asserts that Mr. Johnson constitutes a risk to the community and therefore should be detained pending trial. The government has the burden of proving that the defendant is … a danger to the community. *United States v. Daniel*, 772 F.2d 382, 383 (7th Cir. 1985). To justify detention based on the defendant's alleged dangerousness the government must establish "by clear and convincing evidence that no conditions or set of conditions will ensure the safety of the community." *United States v. Portes*, 786 F. 2d 758, 764 (7th Cir. 1985).

III

In an attempt to meet their burden the government first argues "the weight of the evidence" under 18 U.S.C § 3142 (g) (2). Other jurisdictions have noted that the weight of the evidence is the factor under § 3142 (g) which should be considered the least important, because courts cannot make a pretrial determination of guilt. *U.S. v. Motamedi* 767 F.2d 1403, 1408 (9th Cir. 1985). This

is particularly true in light of the statute's explicit language in § 3142 (j) that "[n]othing in this section shall be construed as modifying or limiting the presumption of innocence."

In their motion to detain the defendant, the government admits that this is not the sort of crime for which the government ordinarily would seek detention." Govt. Motion at 5. To that point, the government did not seek detention for Tyler Lang, Mr. Johnson's co-defendant, who is facing the identical charges and similar evidence.

Further, the government failed to indicate what inferences should be drawn from their argument as to the "weight of the evidence." Commonly, this factor would be considered in the likelihood a person would fail to appear or the likelihood a person poses as a potential flight risk. However, the government has presented no evidence nor have they even alleged that Mr. Johnson poses as a flight risk under 18 U.S.C. § 3142 (f)(2)(A)[1], and such an assertion would not be supported by the facts. Mr. Johnson has no history of failing to appear at required court appearances or violating any conditions of bond or bail.

IV

Secondly the government argues the history and characteristics of Mr. Johnson under 18 U.S.C § 3142 (g) (3). To support their contention the government details Mr. Johnson's criminal history. While Mr. Johnson has been convicted of

---

[1] Nor has the government presented any evidence or made any allegation that there is a serious risk that Mr. Johnson will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate, a prospective witness or juror. 18 U.S.C. § 3142 (f) (2)(B).

felonies over the last eight years, none of these convictions qualify him for detention under 18 U.S.C § 3142 (f) (1).

Mr. Johnson pled guilty to a charge of stalking on March 19, 2010. The stalking charge related to unlawful actions related to animal rights activism that occurred between April 24, 2006 and February 22, 2008. Since that time Mr. Johnson has not been charged or convicted with any criminal acts related to unlawful animal rights activism, excluding the instant charge. The remainder of Mr. Johnson's criminal convictions are for burglary and retail theft. Contrary to the government's assertions, the lack of criminal prosecution for unlawful acts related to animal rights activism indicate a downswing in Mr. Johnson's involvement in such activity.

V

Thirdly the government argues the nature and seriousness of the danger under 18 U.S.C § 3142 (g) (4). The government fails to assert however what persons or community could possibly be in danger if Mr. Johnson would be released. Instead, it generally claims without providing specifics, that there is a threat of harm or violence to individuals. To support their argument the government presents common and harmless items found in Mr. Johnson's vehicle at the time of his arrest and from that makes extreme and unreasonable inferences.

For instance, the government asserts that the common cleaning supplies found in Mr. Johnson vehicle could be used as components in an incendiary device. Yet, Mr. Johnson's has no history of using or possessing any weapons and

even by the government's own allegations in the instance charge, there is absolutely no contention that incendiary devices were used or were intended to be used.

Further, the government presents handwritten notes taken from Mr. Johnson and Mr. Johnson's vehicle at the time of his arrest. These notes are presented without any context, there is no indication who wrote them, why they were written, or how they were intended to be used. Further, the government presents a few titles of commercially available books, and while some of these titles may sound sinister, there is no indication what information the books actually contained or how possession of these books is evidence of Mr. Johnson's dangerousness.

## VI

The government has failed to meet their burden, since all of the presented evidence does not justify Mr. Johnson's detention. The government has failed to show "by clear and convincing evidence that no conditions or set of conditions will ensure the safety of the community" if Mr. Johnson is released pending trial. *United States v. Portes*, 786 F. 2d 758, 764 (7th Cir. 1985). The government has not provided any evidence that Mr. Johnson would be a danger to any person or community if were to be released. Nor have they shown why no conditions of Court could not prevent or eliminate such danger. Therefore, Mr. Johnson should be released on bond with conditions set by the Court.

## VII

If Mr. Johnson is released pretrial he will abide by and follow any conditions set by the Court, including abiding by a curfew, remaining in specific jurisdictions, refraining from any specified activity or associations, surrendering his passport, reporting to pretrial services, or any other conditions the Court finds necessary.

Additionally, Mr. Johnson is currently being treated for a medical condition. Previously Mr. Johnson has been hospitalized while suffering from this same medical condition. His continued detention pending trial would only aggravate his current symptoms.

If Mr. Johnson was released pending trial he could reside with his mother, Tracy Rich, in Los Angeles, California. (See Affidavit of Tracy Rich)[2]. While, not only being Mr. Johnson's mother, Ms. Rich is a responsible and law abiding person with strong ties to the community, and she has been a licensed attorney in the State of California since 1974. Ms. Rich would provide a safe environment, where Mr. Johnson could receive the necessary treatment for his medical condition. Specifically, Mr. Johnson could receive the medication and treatment that has proven effective in the past, medication and treatment that he is not currently receiving.

---

[2] Ms. Rich's affidavit contains personal information, therefore it will not be publicly filed. A copy will be provided to the Court and the government at the time of filing.

**WHEREFORE**, Mr. Johnson prays this Court grant him bond based on the conditions above and such other conditions as the Court believes should be imposed.

          Respectfully Submitted.

          /s Michael Deutsch

          /s Lillian McCartin

Michael Deutsch  
Peoples Law Office  
1180 N. Milwaukee Ave.  
Chicago, Illinois 60642  
(773) 235-0070

Lillian McCartin  
2040 N. Milwaukee Ave. Ste. 13  
Chicago, Illinois 60647  
P: (773) 727-3799  
F: (312) 268-7159  
Lillian.mccarrin@gmail.com

The undersigned, **Lillian McCartin**, hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

RESPONSE TO GOVERNMENT'S MOTION TO DETAIN AND MOTION TO SET BOND AND CONDITION OF RELEASE

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail/hand delivery on October 8, 2014, to counsel/parties that are non-ECF filers.

By: *s/ Lillian McCartin*

2040 N. Milwaukee Ave. Ste. 13
Chicago, Illinois 60647
P: (773) 727-3799
F: (312) 268-7159
Lillian.mccarrin@gmail.com