UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER RELATING TO TELEPHONE NUMBER (310) 617-2280 ("**SUBJECT PHONE 3**") | No. 14 CR 390<br><br>Milton I. Shadur<br>District Judge |

# APPLICATION FOR AN ORDER RELATING TO SUBJECT PHONE 3

Bethany K. Biesenthal, an attorney of the United States Department of Justice, hereby applies to the Court for an order relating to:

a.  the telephone currently assigned telephone number (310) 617-2280, and used by TYLER LANG, with service provided by Verizon (hereafter, "**Subject Phone 3**").

By this Application, the government requests that this Court enter an Order granting the following relief:

- Requiring service providers to provide records reflecting the cell tower and antenna face ("cell site") used at the start and end of each call for **Subject Phone 3**, for the period from May 1, 2013, through August 14, 2013.

- Historical toll record information, including subscriber and billing information, and records reflecting incoming and outgoing calls and text messages, for **Subject Phone 3**, for the period from May 1, 2013, through August 14, 2013.

In support of this Application, applicant states the following:

## Authority to Seek Orders

1. Applicant is an "Attorney for the government" as defined by Federal Rule of Criminal Procedure 1(b)(1)(B) and, therefore, may apply for orders

requesting the specified relief pursuant to 18 U.S.C. § 3122 (pen registers and trap-and-trace devices), 18 U.S.C. § 2703 (records concerning electronic communications), and Federal Rule of Criminal Procedure 41 (search warrants).

**Factual Background**

2. Tyler LANG and Kevin JOHNSON were charged with conspiring together to vandalize and/or damage an animal enterprise, in violation of Title 18, United States Code, Section 43.

3. There is evidence that **Subject Phone 3** was potentially used in furtherance of that criminal offense, namely damage to an animal enterprise, in violation of Title 18, United States Code, Section 43 (the "**Subject Offenses**"), and that information concerning the use will provide evidence of the **Subject Offenses**.

4. The facts supporting this application are more fully set forth in the attached affidavit of Federal Bureau of Investigation ("FBI") Special Agent Maureen Mazzola.

5. In summary: On August 14, 2013, Mink Farm A, which is in the business of raising and selling minks and is located in Morris, Illinois, was vandalized. Spray paint was used on a barn and chemicals were poured on trucks located at the ranch. The following night, Kevin JOHNSON and Tyler LANG were stopped by local law enforcement and discovered to have in their possession numerous items consistent with the vandalism committed at Mink Farm A. At the time they were stopped by local law enforcement, JOHNSON and LANG were in

2

possession of Subject Phones 1 and 2. Court orders authorizing the government to obtain historical cell site records for Subject Phones 1 and 2 was obtained and it was determined that Subject Phones 1 and 2 were turned off in the days leading to the mink raid. Since that time, the government learned that LANG used **Subject Phone 3** during the same time period in order to communicate with JOHNSON.

## Request for Historical Cell Site Information

8. Pursuant to 18 U.S.C. § 2703(c)(1)(B), a governmental entity may require a provider of electronic communication service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) if, among other ways, the governmental entity "obtains a court order for such disclosure under subsection (d) of this section."

9. Section 2703(d), in turn, allows the issuance of an order for "records or other information" if the government "offers specific and articulable facts showing there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."

10. Data pertaining to the tower and antenna face used at the beginning and end of each call from a cellular telephone is "information," it takes the form of a "record" upon its transmission to the service provider, and this record and information "pertains to" a subscriber or customer of an electronic communication service.

11. As explained in the accompanying Affidavit, there are reasonable grounds to believe that historical cell site information for **Subject Phone 3** for the period from May 1, 2013, through August 14, 2013, is relevant and material to the ongoing investigation. Among other things, law enforcement officers can use historical cell site information to analyze the past use of **Subject Phone 3**, and thereby obtain information about the subjects' whereabouts, and activities, as well as patterns of behavior. In particular, information about the past use of **Subject Phone 3** is likely to show phone contact between the co-conspirators, routes taken in preparation for the cross-country trip, as well as potentially confirm whether JOHNSON and LANG were at or near Mink Farm A on August 14, 2013. The information also will potentially show the route taken by JOHNSON and LANG in getting to Morris, Illinois, as well as whether LANG was near other known animal farm locations during the same time period.

12. Accordingly, Applicant requests that this Court enter an Order, pursuant to 18 U.S.C. § 2703(d), directing Verizon to provide historical cell site information reflecting the cell tower and antenna face used at the start and end of each call, text message, and data transaction, including per call measurement data ("PCMD"), evolution data optimized ("EVDO"), Internet protocol detail record ("IPDR"), range-to-tower ("RTT") and tower distance information, for **Subject Phone 3** for the period of May 1, 2013 through August 14, 2013.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

    /s Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS | ss

# AFFIDAVIT

I, Maureen Mazzola, being duly sworn, state as follows:

## Background of Affiant

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since approximately 2004. My responsibilities include the investigation of domestic terrorism matters, including cases involving threats of force and force used in connection with animal enterprises.

## Basis and Purpose of Affidavit

2. The information in this Affidavit is based on interviews of witnesses, my own observations and actions, information received from other law enforcement agents, my experience and training, and the experience of other agents.

3. This Affidavit is submitted for the limited purposes of establishing that there are specific and articulable facts showing that there are reasonable grounds to believe that the information sought in the attached Application pursuant to 18 U.S.C. § 2703 is relevant and material to an ongoing criminal investigation will lead to relevant and material information in the investigation and prosecution of Tyler LANG and Kevin JOHNSON for conspiring to vandalize and/or damage an animal enterprise, in violation of Title 18, United States Code, Section 43.

4. Because of the limited purpose of this Affidavit, I have not included all of the facts known to me or other law enforcement officers about the investigation.

## The Subject Phone

5. The telephone that is the subject of the attached application is:

   a. the telephone currently assigned telephone number (310) 617-2280, and used by TYLER LANG, with service provided by Verizon (hereafter, "**Subject Phone 3**").

6. As further set forth below, there is reason to believe that **Subject Phone 3** was used in furtherance of a criminal offense, namely damage to an animal enterprise, in violation of Title 18, United States Code, Section 43 (the "**Subject Offenses**"), and that information concerning the use will provide evidence of the **Subject Offenses**.

## Background of the Investigation

7. According to reports made by individuals employed at Mink Farm A, on August 14, 2013, the mink farm was vandalized. Mink Farm A is located in Morris, Illinois, and is in the business of raising and selling mink.

8. Officers and agents went to the mink farm after the report was made and confirmed that individuals had spray painted the words "Liberation is Love" on the side of a barn. Officers and agents observed that caustic substances had been poured over two farm vehicles. In addition, approximately 2,000 mink were released from their cages. Finally, portions of the fence surrounding the mink farm was removed in order to facilitate the escape of the mink.

9. According to an officer from Woodford County, on August 15, 2013, that officer performed a traffic stop on a vehicle after observing that the vehicle had no license plates. The stop occurred approximately ninety miles from the mink farm that had been vandalized the night before. According to the officer, there were two individuals in the vehicle, who he identified as Kevin JOHNSON and Tyler LANG. According to the officer, both JOHNSON and LANG appeared extremely nervous. The officer asked JOHNSON and LANG questions about where they were going and from where they had traveled. JOHNSON and LANG provided inconsistent accounts of where they were going and where they had been. A second officer then arrived in order to perform a K9 scan of the vehicle. According to that officer, the dog trained in the detection of narcotics, alerted that there were narcotics present in the vehicle.

10. A search was conducted of the vehicle. According to the officers who completed the search, officers found, among other things: bottles of muriatic acid, a bottle of aircraft paint remover, spray paint, bolt cutters, a scanner, two Motorola walkie-talkies, computers, Subject Phones 1 and 2, a Kodak digital camera, several books regarding tactics to avoid law enforcement and terrorism, maps, rubber gloves, ski masks, and vehicle license covers for the State of Iowa.

11. A number of the items referenced above were submitted for chemical analysis, including animal hair retrieved from the vehicle. Experts working with

the FBI determined that at least some of the animal hair recovered from the vehicle was mink fur.

12. JOHNSON and LANG have been charged with conspiring to vandalize and/or damage an animal enterprise, in violation of Title 18, United States Code, Section 43. Prior to their arrest and prosecution in this case, the government obtained orders to obtain historical cell site information for Subject Phones 1 and 2, the phones recovered from the vehicle. According to an analysis of the cell site information, it appears that Subject Phones 1 and 2 both were turned off in the days leading up to the mink raid.

13. The government also obtained a search warrant to search Subject Phones 1 and 2. The government in fact searched those phones. Based on the search of the phone, it was evident that Subject Phone 1 was used by Kevin JOHNSON. For example, during the search of that phone, the government observed photographs of Kevin JOHNSON and text messages written to and from Kevin JOHNSON.

14. During the search of that phone, the government also observed a text message sent from **Subject Phone 3** on June 14, 2013, to Subject Phone 1. In that text message, the user of **Subject Phone 3**, wrote, "Give me a call, Tyler." According to phone records obtained for Subject Phone 1, after that June 14, 2013, text message, Subject Phone 1 was in regular and consistent contact with **Subject Phone 3** in the months leading up to the mink raid. Specifically, between mid-

June, 2013, and mid-August, 2013, there were over 800 contacts between Subject Phone 1 and **Subject Phone 3**, the overwhelming majority of which were in the form of text messages. The last contact between Subject Phone 1 and **Subject Phone 3** was on August 3, 2013, approximately 12 days before LANG and JOHNSON were stopped together in Illinois.

15. In 2012, JOHNSON was arrested by police officers in California for burglary. At that time, the police officers seized two cellular telephones that were in JOHNSON's possession. Search warrants were obtained to search those cellular telephones. According to the agents who then conducted the searches, the name "Tyler Lang" was listed in JOHNSON's address book. The phone number assigned to that contact was **Subject Phone 3**. Accordingly, it is believed that Tyler LANG used **Subject Phone 3** and, more specifically, used **Subject Phone 3** to communicate with Kevin JOHNSON in the months and weeks leading up to their cross country trip to Illinois.

### Planned Investigation

16. The FBI plans to use the information requested in the attached Application to show the telephone contacts between Tyler LANG and Kevin JOHNSON in the months leading to the mink raid. In addition, the government intends to use the information to show steps taken by Tyler LANG in preparation for the mink raid, as well as potentially the route he and JOHNSON took in traveling to Illinois in order to actually conduct the raid.

17. The FBI further plans to use the information requested in the attached Application to identify and locate individuals who are in contact with the offender or offenders and may be able to provide information relevant to the investigation.

**Request for Historical Cell Site Information**

18. Based on my training and experience, I believe that there are reasonable grounds to believe that historical cell site information for **Subject Phone 3** for the period from May 1, 2013, through August 14, 2013, is relevant and material to the ongoing investigation. Among other things, law enforcement officers can use historical cell site information to analyze the past use of **Subject Phone 3**, and thereby obtain information about the subjects' whereabouts, and activities, as well as patterns of behavior. In particular, information about the past use of **Subject Phone 3** is likely to show steps taken by LANG in preparation to commit the mink raid, as well as contacts with his co-conspirator and possibly the route taken by LANG and JOHNSON in traveling to commit the mink raid.

FURTHER AFFIANT SAYETH NOT.

Maureen Mazzola
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on this 13th day of November, 2014.

Kailah Bernath
NOTARY PUBLIC

KAILAH BERNATH
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
February 03, 2018